# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 13-CR-85-JED |
| RICHARD JAMES GIROUX, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is the "Government's Unopposed Motion to Continue Jury Trial" (Doc. 11), which is currently scheduled for July 15, 2013 (Doc. 8). The Indictment charged Defendant, Richard James Giroux ("Defendant" or "Mr. Giroux"), with transmission of a communication in interstate commerce containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c). The Defendant made his initial appearance on May 15, 2013, and was released on an unsecured bond. This is the first request for a continuance of any scheduled court appearances in this matter. As the motion reflects, the Defendant does not oppose the Government's request for a continuance. (Doc. 11, ¶ 1).

The Government's request for a trial continuance is based upon "ends of justice" factors within the Speedy Trial Act ("the Act") which require that a district court "set forth in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The factors which a district judge must consider "in determining whether to grant a continuance under subparagraph (A)," among others, are found at 18 U.S.C. § 3161(h)(7)(B). The Court concludes that the Government's reliance upon 18 U.S.C. §

3161(h)(7)(A) is misplaced, and that the circumstances upon which the Government's unopposed motion rests do not implicate or apply to the "ends of justice" factors.

As noted, Mr. Giroux is charged with interstate communication of a threat in violation of 18 U.S.C. § 875(c). That threat was allegedly communicated by the Defendant to an individual who resides in Maryland. The Government states that the Maryland resident, an employee of the Social Security Administration, is the putative "victim who received the threat alleged to have occurred" in the eyes of the Government. The Government's unopposed motion states that the victim's spouse recently had a hip replacement surgery and is now bedridden. Moreover, the alleged victim is currently the sole caregiver for his wife and, hence, the victim is unable to travel to the Northern District of Oklahoma for purposes of the jury trial until, at the earliest, a date during the month of September.

The alleged victim is clearly an essential witness in this case. It is the Court's understanding that, without him, there are no other witnesses who could provide, through their testimony, essential elements of the charged offense. Aside from the alleged victim's unavailability for the July 15 jury trial, the Government has identified three (3) other witnesses who are unavailable for the current trial setting. Specifically, the Government's case agent, Michael Dewey, a Special Agent of the United States Social Security Administration's Office of Inspector General, has a pre-scheduled family vacation to Washington, D.C. from June 28 to July 10, 2013. The airfare for this family vacation has already been purchased. While Agent Dewey's family vacation concludes prior to the July 15 scheduled start of the trial, the Government explains that he would be unavailable for significant pretrial preparation, which would impede the Government's ability to adequately prepare the case for trial. Likewise, Scott Vogt, a U.S. Department of Homeland Security Special Agent and

Government witness, has a pre-scheduled family vacation during the entire week of July 15, 2013 and will also be unavailable for trial preparation and the trial itself. Another of the Government's witnesses, James Gunnels, a U.S. Department of Homeland Security Special Agent, will be hosting the International Police Chaplain Conference in Dallas, Texas, from July 8, 2013, through July 15, 2013, and will be unavailable on July 15, 2013.

While the Court has concluded that the Government's request for a continuance does *not* fall within the "ends of justice" factors under § 3161(h)(7)(A) of the Speedy Trial Act, it *does* fall squarely under §§ 3161(h)(3)(A) and (B) of the Act. In particular, § 3161(h)(3)(A) provides that the [Act's requirement that trial commence within seventy-days of defendant's initial appearance or indictment, whichever comes later] tolls during "delay resulting from the absence or unavailability of . . . an essential witness." *United States v. Allen*, 235 F.3d 482, 490 (10th Cir 2000). The applicable portions of the Speedy Trial Act state as follows:

> (h) The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> ***
>
> **(3)(A) Any period of delay resulting from the absence or unavailability of** the defendant or **an essential witness**.
>
> **(B)** For purposes of subparagraph **(A)** of this paragraph, . . . a defendant or **an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence** or he resists appearing at or being returned for trial.
>
> (Emphasis added).

The Court finds that the putative victim, a resident of Maryland who allegedly received the relevant interstate communication that is the subject of the Indictment, is an essential witness in this case, and that his presence cannot be obtained at this time in light of the fact that he is the sole

3

caregiver for his wife while she recuperates from hip replacement surgery. Three other Government witnesses are also unable to prepare for or be present at trial under the current schedule given obligations to which they committed prior to the scheduling of this trial. At least one of these witnesses, Agent Dewey, has pre-paid for substantial portions of his family vacation.

**IT IS THEREFORE ORDERED** that the Government's Unopposed Motion to Continue Jury Trial (Doc. 11) is **granted.** The jury trial set for July 15, 2013 is **stricken**, and the following amended scheduling order is hereby entered:

| | |
|---|---|
| **Pretrial Conference/CP/Motions Hearing:** | **October 9, 2013 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | October 16, 2013 |
| **Jury Trial:** | **October 21, 2013 at 9:30 a.m.** |

**IT IS FURTHER ORDERED** that the time between July 15, 2013 and October 21, 2013 is excluded in accordance with 18 U.S.C. §§ 3161(h)(3)(A) and (B).

**IT IS SO ORDERED** this 25th day of June, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE